# TILTON R. HUNTER, JR.

**1430 New York Street**
**New Orleans, Louisiana 70002**
**Telephone (504) 957-6994   EMAIL: <u>tilton@thunterlaw.com</u>**

January 5, 2018

<u>Via email to</u> sbarry@barrylawco.com &
kmarksbury@barrylawco.com
Barry & Co., LLC
Attn: Stephen Barry and Kathleen Marksbury

Re:   Tilton R. Hunter, Jr. v. GEICO General Insurance Company
      USDC, Eastern District of Louisiana, Civil Action No. 2:17-CV-0570
      Your File No. 25-1906

Dear Counselors:

Please find attached responses to the Second Set of Interrogatories and Request for Production of Documents, along with attachments. Kindly confirm that my responses render the 10.1 conference scheduled for January 10 moot.

Also, attached are Interrogatories, Requests for Admissions, and Requests for Production of Documents directed to GEICO. I ask for their responses within legal delays.

Lastly, I would like to take Adam Vincent's deposition. I am available in February after the 14th: 15, 16, 19, 20, 21, 22, 23, 26, 27, or 28. Please let me know which date works for you and Mr. Vincent.

Sincerely yours,

/s/ Tilton R. Hunter, Jr.



EXHIBIT
A

STEPHEN R. BARRY* †
DAPHNE MCNUTT BARRY
KATHLEEN C. MARKSBURY
LIBBY HEINEN CORMIER
W. BRIGGS SCOTT ◊

\* A PROFESSIONAL LAW CORPORATION
† ALSO ADMITTED IN TEXAS
◊ ALSO ADMITTED IN MISSISSIPPI

*OF COUNSEL:*
WENDELL R. VERRET



Attorneys and
Counselors at Law

405 WEST MAIN STREET
LAFAYETTE, LOUISIANA 70501
TELEPHONE: (337) 237-2889
FACSIMILE: (337) 237-2878

612 GRAVIER STREET
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: (504) 525-5553
FACSIMILE: (504) 525-1909

WWW.BARRYLAWCO.COM

PLEASE ADDRESS REPLY TO:
**NEW ORLEANS**

January 8, 2018

**VIA EMAIL:** tilton@thunterlaw.com
Mr. Tilton R. Hunter, Jr.
Attorney at Law
1430 New York Street
New Orleans, Louisiana 70122

   RE: *Tilton R. Hunter, Jr. v. Geico General Insurance Company*
      *Suit No. 2016-11890, Div. E-16; CDC, Orleans Parish*
      Our File No. 25-1906

Dear Mr. Hunter:

   Since you have provided us with discovery responses, we agree that the 10.1 Discovery Conference scheduled for January 10th is moot. If upon review, it is determined that we have objections to the responses, we will schedule another discovery conference since that would be a different issue.

   With regard to your request for a deposition date for a GEICO representative, it will be necessary to schedule your deposition as plaintiff first. Since you are obviously available for the dates listed in your letter, we will go ahead a schedule your deposition for February 19th at 10:00 a.m. at your office. We can discuss your request for a corporate deposition at that time.

   With kindest regards, we remain

        Very truly yours,

        **BARRY & CO, LLC**

        *s/Kathleen C. Marksbury*

        Stephen R. Barry
        Kathleen C. Marksbury

KCM/*ddd*



EXHIBIT
B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TILTON R. HUNTER, JR.

VERSUS

GEICO GENERAL INSURANCE
COMPANY

CIVIL ACTION NO. 2:17-cv-05070

JUDGE: MARY ANN VIAL LEMMON

MAGISTRATE: MICHAEL NORTH

## NOTICE OF DEPOSITION OF PLAINTIFF

TO:   Tilton R. Hunter, Jr.
1430 New York Street
New Orleans, LA. 70122

PLEASE TAKE NOTICE that defendant, GEICO General Insurance Company, through

undersigned counsel, will take the deposition testimony of plaintiff, Tilton R. Hunter, Jr., at the

offices of Mr. Tilton R. Hunter Jr., 1430 New York Street, New Orleans, Louisiana 70122 on the

**19th of February, 2018, at 10:00 a.m.,** before a duly qualified court reporter.

Respectfully submitted,

**BARRY & COMPANY, LLC**

**STEPHEN R. BARRY (#21465)**
*A Professional Law Corporation*
**KATHLEEN C. MARKSBURY (#1902)**
612 Gravier Street
New Orleans, Louisiana 70130
Telephone: (504) 525-5553
Fax: (504) 525-1090
*Counsel for GEICO Casualty Company*



## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has on this the _18th_ day of January, 2018 been served on all counsel of record in this proceeding by:

(___) Hand Delivery
(___) Facsimile
( X ) Electronic Mail

(___) Prepaid U. S. Mail
(___) Federal Express

**KATHLEEN C. MARKSBURY**

### TILTON R. HUNTER, JR.
**1430 New York Street**
**New Orleans, Louisiana 70002**
**Telephone (504) 957-6994     EMAIL: tilton@thunterlaw.com**

January 11, 2018

**Via email to** sbarry@barrylawco.com **&**
kmarksbury@barrylawco.com
Barry & Co., LLC
Attn: Stephen Barry and Kathleen Marksbury

Re:     Tilton R. Hunter, Jr. v. GEICO General Insurance Company
        USDC, Eastern District of Louisiana, Civil Action No. 2:17-CV-0570
        Your File No. 25-1906

Dear Counselors:

There is nothing in the Federal Rules of Procedure, Local Rules, or the Scheduling Order to support your contention that it is necessary to schedule my deposition as plaintiff first. I requested and am entitled to depose GEICO. Using your logic in scheduling my deposition without a request to do so, you are obviously available for GEICO's corporate deposition on February 19th at 9:00 a.m. at my office, 3330 Lake Villa Dr., Metairie, La., Suite 202, 70002.

Enclosed is the Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) for GEICO's deposition on February 19, 2018 at 9:00a.m. at my office.

Sincerely yours,

/s/ Tilton R. Hunter, Jr.



EXHIBIT
D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TILTON R. HUNTER, JR.

VERSUS

GEICO GENERAL INSURANCE
COMPANY

CIVIL ACTION NO. 2:17-cv-05070

JUDGE: MARY ANN VIAL LEMMON

MAGISTRATE: MICHAEL NORTH

## <u>NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30 (B)(6)</u>

TO:   GEICO General Insurance Company
      Through Counsels of Record
      Stephen R. Barry & Kathleen C. Markbury
      612 Gravier Street
      New Orleans, LA 70130

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(6), the plaintiff, Tilton

R. Hunter Jr., shall take the deposition upon oral examination of GEICO General Insurance

Company (GEICO) through one or more officers, directors, agents or other representatives who

shall be designated to testify on GEICO's behalf regarding all information known or reasonably

available to GEICO with respect to the subject matters identified in Exhibit A. Plaintiff requests

that GEICO provide written notice at least five (5) business days before the deposition of the

name(s) and employment position(s) of the individual(s) designated to testify on GEICO's behalf.

This deposition shall commence on February 19, 2018 at 9:00 am at the offices of Tilton

R. Hunter, Jr., 3330 Lake Villa Dr. Suite 202, Metairie, La. 70002 and shall be taken before a duly

certified court reporter.

Respectfully submitted,

/s/ Tilton R. Hunter, Jr.
**Tilton R. Hunter, Jr.** (#25717)
1430 New York Street
New Orleans, Louisiana 70122
Phone: (504) 957-6994
E-mail: tilton@thunterlaw.com



EXHIBIT
E

## EXHIBIT A

In accordance with Rule 30(b)(6), plaintiff designates the matters identified below for examination. GEICO General Insurance Company (GEICO) is requested to designate the person or persons most knowledgeable and prepared to address the following topics:

I.   Tilton R. Hunter, Jr.'s UIM claim against GEICO, including:

A.   The identity of all local, district, regional or home office employees or agents who assisted, in any way, in the handling of this claim or acted in the supervisory fashion and the handling of plaintiff's UIM claim;

B.   Actions that each agent, employee, or representative took in processing plaintiff's UIM claim;

C.   The identify by jurisdiction, case name and number, and all attorneys involved, all deposition testimony of claims adjustors, managers, or supervisors who were involved in adjusting this claim from five years before the plaintiff's accident until today;

D.   Any and all claim file materials including field file and the master file, log notes, reserve history, colossus work sheets, dissection reports, SIU documentation, Pacman notes, case notes, evaluations, worksheets or any other documentation related to use of colossus or other claims software on plaintiff's claim, any internal memoranda, electronic mail, or correspondence between or among the claims handling personnel, and any supervisor personnel and/or any attorneys before suit was filed;

E.   Evaluation of plaintiff's UIM claim, including:

i.   Method of calculations for tenders paid;

ii.   Reasonableness of tenders paid in full settlement of his UIM claim;

iii.   Method of valuation of claim;

iv.   Value of claim; and

v.   Withholding of full value to secure full and final releases.

F.   Complete employment record of Adam Vincent or any other GEICO employee, manager, or supervisor involved in adjusting plaintiff's UIM claim, including all performance and development plan and reviews (PP&R), quality assurance audits or other employment reviews, as well as pledges or oaths signed by the respective

employee and letters of complaint from insured's or otherwise.

II. GEICO's documents, policies, and procedures, including:

    A. Philosophies and policies regarding claims handling policies, providing service to policy holders, good/bad faith claim handling practices, extra contractual damages and suits, compliance with unfair claims practices statutes, wrongful claims handling, and employee handbooks or orientation materials;

    B. Claims manuals or training manuals by whatever name known, or other materials that address the handling of liability or UIM claims;

    C. Methods and criteria used for setting reserves and settlement evaluations for UIM claims;

    D. Changes to claims handling policies, practices, and procedures within the past 10 years;

    E. Claims bulletins, directives, guidelines or memorandum issued, including QA guidelines, that relate in any way to the adjusting of claims in Louisiana;

    F. Philosophies and policies regarding the use of IME doctors and reports;

    G. All policies, during the time in which plaintiff's claim was originally evaluated, which in any manner ties any employees, including management, compensation, benefits or hope of advancement to their ability to reduce claim payments or lower the combined ratio;

    H. The insurance industry standards of not profiting through its claims handling practices, but by and through its other operations;

    I. Goals, training, or meetings for claims adjustors; and

    J. Policies during the time period relevant to plaintiff's claim in which it sought to increase corporate profits through its claims handling practices.

III. Other actions against GEICO, including:

    A. The identity by name, civil action number, and attorneys involved, all cases filed against GEICO which alleged, in any manner whatsoever, that it committed bad faith, breach of contract, or Louisiana Consumer Law violations within the last ten years in the state of Louisiana; and

    B. All complaints filed against GEICO or any related companies, its parent companies or subsidiaries and any follow up correspondence in the last seven years with the Louisiana Department of Insurance.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has this date been served on all counsel of record in this proceeding by Electronic Mail on this the 11th day of January 2018.

/s/ Tilton R. Hunter, Jr.
**Tilton R. Hunter, Jr.**

# TILTON R. HUNTER, JR.

**1430 New York Street**
**New Orleans, Louisiana 70002**
**Telephone (504) 957-6994   EMAIL: tilton@thunterlaw.com**

February 14, 2018

**Via email to** sbarry@barrylawco.com **&**
kmarksbury@barrylawco.com
Barry & Co., LLC
Attn: Stephen Barry and Kathleen Marksbury

      Re:    Tilton R. Hunter, Jr. v. GEICO General Insurance Company
               USDC, Eastern District of Louisiana, Civil Action No. 2:17-CV-0570
               Your File No. 25-1906

Dear Counselors:

        As per my earlier conversation with Ms. Marksbury, I hereby confirm that I am available to be deposed at my office, 3330 Lake Villa Dr., Suite 202, Metairie, La. 70002, on February 19, 2018 at 10:00 a.m. However, I take issue with the way my deposition was scheduled: on January 5, I requested available dates to depose GEICO; rather than coordinating said deposition, on January 10, your office noticed my deposition. On January 11, I noticed GEICO's deposition for the same day, February 19. In the notice, I requested written notice at least five (5) business days (February 9) before the deposition of the name(s) and employment position(s) of the individual(s) designated to testify on GEICO's behalf. Today, you informed me that no one from GEICO will be available to be deposed on Monday.

        Additionally, we spoke of the inadequacies of your office's responses to my discovery requests. According to the Federal Rules of Civil Procedure, the responses to the Interrogatories and Requests for Admissions must be answered and signed by a GEICO representative. Your answers and signature are insufficient because, among other things, I cannot depose your office as to the truthfulness and veracity of the responses.

        Lastly, on February 5, you wrote that the responses to the Requests for Production were being sent to me via U.S. mail. To date, I have not received anything.

        I look forward to your office expeditiously resolving the above issues. Otherwise, I will be forced to seek a court order compelling the unresolved issues.

Sincerely yours,

/s/ Tilton R. Hunter, Jr.



**Zimbra**          Zimbra          tilton@thunterlaw.com

---

### Re: Hunter v GEICO

---

**From :** tilton@thunterlaw.com          Tue, Apr 17, 2018 11:55 AM

**Subject :** Re: Hunter v GEICO

**To :** Kathleen Marksbury <kmarksbury@barrylawco.com>

Dear Ms. Marksbury:

Unfortunately, we weren't able to come to an agreement in our earlier telephone conversation regarding GEICO's responses to my discovery requests. If you have any ideas at reaching an amicable resolution to the discovery issues, please don't hesitate to call me. In the meantime, I have reached out to Judge North seeking assistance and advise regarding the same. You and Mr. Barry were Cc: on that email

Sincerely yours,
Tilton

---

**From:** "tilton" <tilton@thunterlaw.com>
**To:** "Kathleen Marksbury" <kmarksbury@barrylawco.com>
**Sent:** Thursday, April 12, 2018 8:19:48 AM
**Subject:** Re: Hunter v GEICO

Dear Ms. Marksbury:

In anticipation of our conference call next week, please confer with GEICO on available deposition dates in May 2018 for its corporate deposition.

Sincerely,
Tilton Hunter

---

**From:** "tilton" <tilton@thunterlaw.com>
**To:** "Kathleen Marksbury" <kmarksbury@barrylawco.com>
**Sent:** Wednesday, April 11, 2018 3:05:57 PM
**Subject:** Hunter v GEICO



Dear Ms. Marksbury:

As per our earlier telephone conversation, we have agreed to a discovery conference on April 17, 2018 at 10:00 a.m.

I am attempting to resolve previously raised discovery issues, before filing a motion to compel.

1. Your firm provided the answers to my Interrogatories to GEICO. I believe Rule 33 requires a GEICO officer or agent, who has personal knowledge of the facts and can verify (verification) the accuracy of the answers, to respond.

2. The same would apply to my Request for Admissions.

3. GEICO failed to designate a corporate representative and appear for a Noticed Deposition in violation of Rule 30. I am requesting a priority date to take its deposition. I would like to set it one week after receipt of their answers to my Interrogatories and adequate responses to my Requests for Production of Documents.

4. The only documents that were produced in your responses to my Request for Production were from your files, which I already had. I requested, and am entitled to GEICO's complete file, including master file, case evaluations, log notes, etc.

Sincerely,

TIlton Hunter

---

**From :** tilton@thunterlaw.com                          Thu, Apr 12, 2018 08:19 AM
**Subject :** Re: Hunter v GEICO
    **To :** Kathleen Marksbury <kmarksbury@barrylawco.com>

Dear Ms. Marksbury:

In anticipation of our conference call next week, please confer with GEICO on available deposition dates in May 2018 for its corporate deposition.

Sincerely,
Tilton Hunter

---

**From:** "tilton" <tilton@thunterlaw.com>
**To:** "Kathleen Marksbury" <kmarksbury@barrylawco.com>
**Sent:** Wednesday, April 11, 2018 3:05:57 PM
**Subject:** Hunter v GEICO

Dear Ms. Marksbury:

As per our earlier telephone conversation, we have agreed to a discovery conference on April 17, 2018 at 10:00 a.m.

I am attempting to resolve previously raised discovery issues, before filing a motion to compel.

1. Your firm provided the answers to my Interrogatories to GEICO. I believe Rule 33 requires a GEICO officer or agent, who has personal knowledge of the facts and can verify (verification) the accuracy of the answers, to respond.

2. The same would apply to my Request for Admissions.

3. GEICO failed to designate a corporate representative and appear for a Noticed Deposition in violation of Rule 30. I am requesting a priority date to take its deposition. I would like to set it one week after receipt of their answers to my Interrogatories and adequate responses to my Requests for Production of Documents.

4. The only documents that were produced in your responses to my Request for Production were from your files, which I already had. I requested, and am entitled to GEICO's complete file, including master file, case evaluations, log notes, etc.

Sincerely,

TIlton Hunter

---

**From :** tilton@thunterlaw.com                                   Wed, Apr 11, 2018 03:05 PM
**Subject :** Hunter v GEICO
**To :** Kathleen Marksbury <kmarksbury@barrylawco.com>

Dear Ms. Marksbury:

As per our earlier telephone conversation, we have agreed to a discovery conference on April 17, 2018 at 10:00 a.m.

I am attempting to resolve previously raised discovery issues, before filing a motion to compel.

1. Your firm provided the answers to my Interrogatories to GEICO. I believe Rule 33 requires a GEICO officer or agent, who has personal knowledge of the facts and can verify (verification) the accuracy of the answers, to respond.

2. The same would apply to my Request for Admissions.

3. GEICO failed to designate a corporate representative and appear for a Noticed Deposition in violation of Rule 30. I am requesting a priority date to take its deposition. I would like to set it one week after receipt of their answers to my Interrogatories and adequate responses to my Requests for Production of Documents.

4. The only documents that were produced in your responses to my Request for Production were from your files, which I already had. I requested, and am entitled to GEICO's complete file, including master file, case evaluations, log notes, etc.

Sincerely,

TIlton Hunter

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TILTON R. HUNTER, JR. | CIVIL ACTION NO. 2:17-cv-05070 |
| VERSUS | JUDGE: MARY ANN VIAL LEMMON |
| GEICO GENERAL INSURANCE COMPANY | MAGISTRATE: MICHAEL NORTH |

## ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUESTS FOR ADMISSIONS

**NOW INTO COURT**, through undersigned counsel, comes defendant, **GEICO GENERAL INSURANCE COMPANY ("GEICO")**, who responds to the Interrogatories and Requests for Admissions propounded by **TILTON R. HUNTER, JR.**, as follows:

### GENERAL OBJECTION

GEICO objects to the discovery requests on the grounds that they are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, some call for legal conclusions and not facts. Additionally, the discovery calls for privileged information under the work-product and attorney client privileges.

Subject to and without waiving the foregoing objections, defendant, GEICO, responds as follows:

### RESERVATIONS OF RIGHTS:

GEICO reserves its right to supplement and/or amend these responses as discovery progresses.


EXHIBIT
H

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

State the name and address of any person answering these Interrogatories. Include in your answer your professional title, your affiliation with GEICO, and the length of time with GEICO in that position.

### ANSWER TO INTERROGATORY NO. 1:

Undersigned counsel prepared the answers to these interrogatories.

### INTERROGATORY NO. 2:

State whether there was a contract of insurance between GEICO and the Plaintiff to provide uninsured/underinsured motorist benefits.

### ANSWER TO INTERROGATORY NO. 2:

GEICO had a policy of insurance in effect at the time of the accident. The GEICO policy of insurance is the best evidence of the terms, conditions, exclusions and limitations thereof in coverage, if any, afforded under said policy. Any allegations at variance with or inconsistent with the written policy are specifically denied, and the entire policy is plead herein as if copied *in extensio*.

### INTERROGATORY NO. 3:

If you contend that the Plaintiff in this action was at all negligent in causing the April 21, 2015 collision, state the reason(s) you make this contention. Include in your answer where and from whom you obtained the information to make this contention.

### ANSWER TO INTERROGATORY NO. 3:

Defendant objects to this interrogatory on the grounds that discovery is ongoing and therefore premature. To date, defendant does not have any information that plaintiff caused the

accident at issue.

**INTERROGATORY NO. 4:**

If you may contend that the Plaintiff suffered from a pre-existing condition, please state all facts upon which you rely to support your contention.

**ANSWER TO INTERROGATORY NO. 4:**

Defendant objects to this interrogatory as vague and overly broad. Subject to and without waiving these objections, please see Dr. David Aiken's medical reports.

**INTERROGATORY NO. 5:**

If you may contend that the Plaintiff aggravated a preexisting condition, please state all facts upon which you rely to support your contention.

**ANSWER TO INTERROGATORY NO. 5:**

Defendant objects to this interrogatory as vague and overly broad. Subject to and without waiving these objections, please see Dr. David Aiken's medical reports.

**INTERROGATORY NO. 6:**

If you may contend that the Plaintiff's injuries were not sustained in the auto accident of April 21, 2015, please state all facts upon which you rely upon to support your contention.

**ANSWER TO INTERROGATORY NO. 6:**

Defendant objects to this interrogatory as vague and overly broad. Subject to and without waiving these objections, please see Dr. David Aiken's medical reports.

**INTERROGATORY NO. 7:**

State whether you or anyone on your behalf have conducted any surveillance on the Plaintiff. If so, identify each instance, the date produced or obtained, and the present custodian thereof.

**ANSWER TO INTERROGATORY NO. 7:**

Defendant objects to this interrogatory on the grounds that it seeks information protected as work product, attorney client privilege and or prepared in anticipation of litigation. Subject to and without waiving these objections, defendant has not conducted any surveillance of the plaintiff to date.

**INTERROGATORY NO. 8:**

Please identify any experts of any kind that you have consulted with and who has rendered opinions prior to answering these interrogatories and whose opinions you have relied upon in denying this claim.

**ANSWER TO INTERROGATORY NO. 8:**

Defendant objects to this interrogatory to the extent it calls for information relative to consulting experts and/or invades the attorney work product protections. Subject to and without waiving these objections, Dr. David Aiken has rendered reports containing his opinions which have been produced to plaintiff.

**INTERROGATORY NO. 9:**

State the name and specialty of all experts whom you propose to call as witnesses at trial, and for each expert state the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify and attach to your responses copies of all written reports of each such expert.

**ANSWER TO INTERROGATORY NO. 9:**

Defendant objects to this Interrogatory on the grounds that discovery is ongoing, and defendant has not made any final decisions regarding experts at this time. Defendant will identify his testifying experts and provide applicable reports per the Court's scheduling order. At this time,

defendant, may call Dr. David Aiken as an expert at trial.

**INTERROGATORY NO. 10:**

Identify (name, address, and telephone number) all local, district, regional or home office employees or agents of GEICO who assisted, in any way, in the handling of this claim or acted in the supervisory fashion and the handling of Plaintiff's UIM claim.

**ANSWER TO INTERROGATORY NO. 10:**

Defendant objects to this interrogatory on the grounds that it is vague, overly broad and unduly burdensome. Further, defendant objects to this interrogatory on the grounds that it seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 11:**

With regard to the previous Interrogatory (No. 10), please describe in detail the actions each of these agents, employees, or representatives took in processing Plaintiff's UIM claim.

**ANSWER TO INTERROGATORY NO. 11:**

Defendant objects to this interrogatory on the grounds that it is overly broad, vague and unduly burdensome as to defy a response.

**INTERROGATORY NO. 12:**

Identify by jurisdiction, case name and number, and all attorneys involved, all deposition testimony of claims adjustors, managers, or supervisors who were involved in adjusting this claim from five years before the Plaintiff's accident until today.

**ANSWER TO INTERROGATORY NO. 12:**

Defendant objects to this interrogatory as being nonsensical in that it requests information regarding the claim five years before the plaintiff's accident.

**INTERROGATORY NO. 13:**

Identify by name, civil action number, and attorneys involved, all cases filed against GEICO which alleged, in any manner whatsoever, that it committed bad faith, breach of contract, or Louisiana Consumer Law violations within the last five years in the state of Louisiana.

**ANSWER TO INTERROGATORY NO. 13:**

Defendant objects to this interrogatory as being overly broad and unduly burdensome. Further, defendant objects to this interrogatory on the grounds that it seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 14:**

Please state whether GEICO employed a policy, during the time in which Plaintiff's claim was originally evaluated, which in any manner ties any employees, including management, compensation, benefits or hope of advancement to their ability to reduce claim payments or lower the combined ratio.

**ANSWER TO INTERROGATORY NO. 14:**

Defendant objects to this interrogatory as being vague, overly broad and unduly burdensome. Further, defendant objects to this interrogatory on the grounds that it seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 15:**

Please specify the methods and criteria that GEICO uses for setting reserves and settlement evaluations for UIM claims.

**ANSWE R TO INTERROGATORY NO. 15:**

Defendant objects to this interrogatory as being overly broad and unduly burdensome. Further, defendant objects to this interrogatory on the grounds that it seeks information that is

neither relevant nor calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 16:**

    Please explain how GEICO calculated or arrived at the tenders paid to Plaintiff, including in your response a detailed listing of all information relied on in making those payments.

**ANSWER TO INTERROGATORY NO. 16:**

    Defendant objects to this interrogatory as being overly broad and unduly burdensome. Further, defendant objects to this interrogatory on the grounds that it seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence.   Subject to and without waiving these objections, tenders are based on the information and documentation provided with regard to the accident at issue.

**INTERROGATORY NO. 17:**

    Does GEICO believe that the tenders paid is a reasonable amount to offer Plaintiff in settlement of his UIM claim?

**ANSWER TO INTERROGATORY NO. 17:**

    Defendant objects to this interrogatory on the grounds that plaintiff seems to confuse UM tenders and settlement of a claim making this interrogatory impossible to respond to.

**INTERROGATORY NO. 18:**

    Please describe in detail what GEICO did to value Plaintiff's claim.

**ANSWER TO INTERROGATORY NO. 18:**

    Defendant objects to this interrogatory on the grounds that plaintiff fails to define what he means by "value Plaintiff's claim".

**INTERROGATORY NO. 19:**

    Please state the amount that GEICO has valued Plaintiff's claim.

**ANSWER TO INTERROGATORY NO. 19:**

Again, Defendant objects to this interrogatory because it is unclear what plaintiff is referencing by using the term "valued Plaintiff's claim."

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that under insurance industry standards GEICO should not profit through its claims handling practices, but rather must make its profits through its other operations.

**RESPONSE TO ADMISSION NO. 1:**

Defendant objects to this Request for Admission as being vague, overly broad and unduly burdensome.  Further, defendant objects to this Request on the grounds that it seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 2:**

Admit that GEICO has implemented policies during the time period relevant to Plaintiff's claim in which it sought to increase corporate profits through its claims handling practices.

**RESPONSE TO ADMISSION NO. 2:**

Defendant objects to this Request for Admission as being vague, overly broad and unduly burdensome.  Further, defendant objects to this Request on the grounds that it seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 3:**

Admit that GEICO evaluated Plaintiff's underinsured motorist claim to have a value greater than the amount of the tenders paid.

**RESPONSE TO ADMISSION NO. 3:**

Defendant objects to this Request on the grounds that it fails to define the term "value" and is therefore vague.   Further, defendant objects to this Request for Admission as being  overly broad and unduly burdensome.  Further, defendant objects to this Request on the grounds that it seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence.

Respectfully Submitted:

**BARRY & COMPANY, LLC**

STEPHEN R. BARRY (#21465)
KATHLEEN C. MARKSBURY (#1902)
A Professional Law Corporation
612 Gravier Street
New Orleans, Louisiana 70130
Telephone:  (504) 525-5553
Facsimile:  (504) 525-1909
Email: sbarry@barrylawco.com
Email: kmarksbury@barrylawco.com
*Attorneys for GEICO General Insurance Company*

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has this date been serviced on all counsel of record in this proceeding by:

( )   Hand Delivery                   ( )   Prepaid U.S. Mail

( )   Facsimile                       ( )   Federal Express

( ✓ )   Electronic Mail              ( )   PACER or other Court notification

New Orleans, Louisiana this _____ day of February, 2018.

KATHLEEN C. MARKSBURY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TILTON R. HUNTER, JR.

VERSUS

GEICO GENERAL INSURANCE
COMPANY

CIVIL ACTION NO. 2:17-cv-05070

JUDGE: MARY ANN VIAL LEMMON

MAGISTRATE: MICHAEL NORTH

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**NOW INTO COURT,** through undersigned counsel, comes defendant, **GEICO GENERAL INSURANCE COMPANY ("GEICO"),** who responds to the Requests for Production of Documents propounded by **TILTON R. HUNTER, JR.,** as follows:

## GENERAL OBJECTION

GEICO objects to the discovery requests on the grounds that they are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, some call for legal conclusions and not facts. Additionally, the discovery calls for privileged information under the work-product and attorney client privileges.

Subject to and without waiving the foregoing objections, defendant, GEICO, responds as follows:

## RESERVATIONS OF RIGHTS:

GEICO reserves its right to supplement and/or amend these responses as discovery progresses.

## REQUEST NO. 1:

Please produce all documents relating in any way to Plaintiff's claim including but not limited to, any and all claim file materials including field file and the master file, log notes, reserve

EXHIBIT
I

history, colossus work sheets, dissection reports, SIU documentation or any other documentation related to use of colossus or other claims software on Plaintiff's claim, any internal memoranda, electronic mail, or correspondence between or among the claims handling personnel, and any supervisor personnel and/or any attorneys before suit was filed.

**RESPONSE TO REQUEST NO. 1:**

Defendant objects to this Request on the basis that it is vague, overly broad and unduly burdensome. Defendant further objects to the request to the extent that plaintiff requests information which is not relevant or admissible or reasonably calculated to lead to the discovery of relevant and admissible evidence. Defendant further objects to the Request to the extent that plaintiff is requesting a copy of its entire claim file which would include information protected by the work-product and attorney-client privileges. A plaintiff in a personal injury suit seeking to recover penalties and attorney fees for a UM carrier's alleged arbitrary and unreasonable refusal to pay a claim is not entitled to a blanket inspection of the memoranda, correspondence and documents in the claims file without a showing that he would suffer a great disadvantage or hardship without having access to those files.

Without waiving said objections and, in an effort, to be cooperative, attached is a copy of the claims file except for those documents that are subject to the protection of the attorney client privilege and/or work-product claims file documents, documents prepared in anticipation or reserve information. Defendant has attached hereto a Privilege Log of the documents not produced from the claims file.

**REQUEST NO. 2:**

Please produce all complaints filed against GEICO or any related companies, its parent companies or subsidiaries and any follow up correspondence in the last seven years with the Louisiana Department of Insurance.

**RESPONSE TO REQUEST NO. 2:**

Defendant objects to this request as being vague, overly broad and unduly burdensome. Further, defendant objects to this on the grounds that it seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 3:**

Please produce complete copies of all claims manuals or training manuals by whatever name known, or other materials that address the handling of liability or UIM claims.

**RESPONSE TO REQUEST NO. 3:**

Defendant objects to this request as being vague, overly broad and unduly burdensome. Further, defendant objects to this on the grounds that it seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 4:**

Please produce copies of all market conduct surveys performed by the Louisiana Department of Insurance within the last ten years in GEICO or any related companies, its parent companies or subsidiaries.

**RESPONSE TO REQUEST NO. 4:**

Defendant objects to this request as being nonsensical, vague, overly broad and unduly burdensome. Further, defendant objects to this on the grounds that it seeks information that is

neither relevant nor calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 5:**

Please produce a complete copy of all claims bulletins, directives, guidelines or memorandum issued, including QA guidelines, that relate in any way to the adjusting of claims in Louisiana.

**RESPONSE TO REQUEST NO. 5:**

Defendant objects to this request as being nonsensical, vague, overly broad and unduly burdensome. Further, defendant objects to this request on the grounds that it seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 6:**

Please produce all the documents relied in answering the interrogatories requested herein.

**RESPONSE TO REQUEST NO. 6:**

Defendant objects to this request as being vague, overly broad and unduly burdensome.

**REQUEST NO. 7:**

Please produce the complete employment files of Adam Vincent or any other GEICO employee, manager, or supervisor involved in adjusting Plaintiff's UIM claim. This file should include all performance and development plan and reviews (PP&R), quality assurance audits or other employment reviews, as well as pledges or oaths signed by the respective employee and letters of complaint from insured's or otherwise.

**RESPONSE TO REQUEST NO. 7:**

Defendant objects to this request on the grounds that it seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Further the Request seeks confidential information regarding the employees of the defendant. It unfairly implicates and

infringes upon the privacy rights of individuals not party to this litigation.

**REQUEST NO. 8:**

Please produce all documentation reciting company philosophies and policies regarding claims handling policies, providing service to policy holders, good/bad faith claim handling practices, extra contractual damages and suits, compliance with unfair claims practices statutes, wrongful claims handling, and employee handbooks or orientation materials.

**RESPONSE TO REQUEST NO. 8:**

Defendant objects to this request as being   vague, overly broad and unduly burdensome. Further, defendant objects to this request on the grounds that it seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 9:**

Please produce copies of any documents addressing goals, training, or meetings for claims adjustors.

**RESPONSE TO REQUEST NO. 9:**

Defendant objects to this request as being   vague, overly broad and unduly burdensome. Further, defendant objects to this request on the grounds that it seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 10:**

Please produce all Pacman notes and case notes evaluations and worksheets.

**RESPONSE TO REQUEST NO. 10:**

Defendant objects to this request as being vague, overly broad and unduly burdensome. Further, defendant objects to this request on the grounds that it seeks documents that are neither

relevant nor calculated to lead to the discovery of admissible evidence.    Without waiving these objections, defendant does not know what "Pacman notes" are.

Respectfully Submitted:

**BARRY & COMPANY, LLC**

STEPHEN R. BARRY (#21465)
KATHLEEN C. MARKSBURY (#1902)
A Professional Law Corporation
612 Gravier Street
New Orleans, Louisiana 70130
Telephone:  (504) 525-5553
Facsimile:  (504) 525-1909
Email: sbarry@barrylawco.com
Email: kmarksbury@barrylawco.com
*Attorneys for GEICO General Insurance*
*Company*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has this date been serviced on all counsel of record in this proceeding by:

( )    Hand Delivery          ( ✓ )    Prepaid U.S. Mail

( )    Facsimile              ( )    Federal Express

( )    Electronic Mail        ( )    PACER or other Court notification

New Orleans, Louisiana this 19th day of February, 2018.

**KATHLEEN C. MARKSBURY**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TILTON R. HUNTER, JR.                              CIVIL ACTION NO. 2:17-cv-05070

VERSUS                                            JUDGE: MARY ANN VIAL LEMMON

GEICO GENERAL INSURANCE                           MAGISTRATE: MICHAEL NORTH
COMPANY

## PRIVILEGE LOG

GEICO General Insurance Company ("GEICO") submits the following Privilege Log in
response to plaintiff's Request for Production of Documents:

1.      Claim Notes.  Privileged as documents prepared in anticipation of litigation, work product
and containing the mental impressions and evaluations of claims adjusters.

2.      Correspondence dated January 10, 2018 from defense counsel to GEICO adjuster
discussing claim.  Privileged as documents attorney client communications or as documents
prepared in anticipation of litigation and work product.

3.      Email dated September 22, 2016 from GEICO adjuster to defense counsel discussing claim
Privileged as documents prepared in anticipation of litigation and work product.

4.      Correspondence dated February 2, 2017 and cover email from defense counsel to GEICO
adjuster discussing claim. Privileged as documents attorney client communications or as
documents prepared in anticipation of litigation and work product.

5.      Email dated June 7, 2017 from defense counsel to GEICO adjuster discussing claim.
Privileged as documents attorney client communications or as documents prepared in anticipation
of litigation and work product.

6.      Correspondence dated July 6, 2017 from defense counsel to GEICO adjuster discussing
claim. Privileged as documents attorney client communications or as documents prepared in

anticipation of litigation and work product.

7.      Correspondence dated June 22, 2017 from defense counsel to GEICO adjuster discussing claim. Privileged as documents attorney client communications or as documents prepared in anticipation of litigation and work product.

8.      Internal GEICO July 6, 2017 email discussing claim. Privileged as documents attorney client communications or as documents prepared in anticipation of litigation and work product.

9.      Internal GEICO July 27, 2017 email discussing claim. Privileged as documents attorney client communications or as documents prepared in anticipation of litigation and work product.

10.     Correspondence dated August 1, 2017 and cover email from defense counsel to GEICO adjuster email discussing claim. Privileged as documents attorney client communications or as documents prepared in anticipation of litigation and work product.

11.     Correspondence dated September 23, 2016 and cover email from defense counsel to GEICO adjuster discussing claim. Privileged as documents attorney client communications or as documents prepared in anticipation of litigation and work product. *Ohio v Management, LLC v James River Ins. Co.* 2006 WL 1985962, f.n. (E.D. La. 2006) and citations therein.

12.     Correspondence dated November 10, 2016 and cover email from defense counsel to GEICO adjuster discussing claim. Privileged as documents attorney client communications or as documents prepared in anticipation of litigation and work product.

13.     Correspondence dated November 11, 2016 and cover email from defense counsel to GEICO adjuster discussing claim. Privileged as documents attorney client communications or as documents prepared in anticipation of litigation and work product.

14.     Email dated December 5, 2016 from GEICO adjuster to defense counsel discussing claim. Privileged as documents attorney client communications or as documents prepared in anticipation

of litigation and work product.

15.    Emails dated December 7, 2016 between defense counsel and GEICO discussing claim. Privileged as documents attorney client communications or as documents prepared in anticipation of litigation and work product.

16.    Invoice Recap from Barry & Co. GEICO objects to the production of these documents in that they are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

17.    Correspondence dated May 5, 2015 and cover email from defense counsel to GEICO adjuster discussing claim. Privileged as documents attorney client communications or as documents prepared in anticipation of litigation and work product.

18.    ISO Claim Search. Privileged    as documents prepared in anticipation of litigation and work product.

19.    Control File Alert and Suit Referral. Privileged as documents prepared in anticipation of litigation and work product.

20.    Emails dated June 20, 2017 between GEICO and defense counsel discussing claim. Privileged as documents attorney client communications or as documents prepared in anticipation of litigation and work product.

Respectfully Submitted:

**BARRY & COMPANY, LLC**

STEPHEN R. BARRY (#21465)
KATHLEEN C. MARKSBURY (#1902)
A Professional Law Corporation
612 Gravier Street
New Orleans, Louisiana 70130
Telephone: (504) 525-5553
Facsimile: (504) 525-1909
Email: sbarry@barrylawco.com
Email: kmarksbury@barrylawco.com

*Attorneys for GEICO General Insurance Company*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has this date been serviced on all counsel of record in this proceeding by:

( )   Hand Delivery       (✓)   Prepaid U.S. Mail

( )   Facsimile       ( )   Federal Express

( )   Electronic Mail       ( )   PACER or other Court notification

New Orleans, Louisiana this ____ day of February, 2018.

**KATHLEEN C. MARKSBURY**

**Re: Case# 2:17-cv-05070 Hunter v GEICO**

| | |
|---|---|
| **From :** eFile-North@laed.uscourts.gov | Wed, Apr 18, 2018 10:05 AM |

**Sender :** Michael North <Michael_North@laed.uscourts.gov>

**Subject :** Re: Case# 2:17-cv-05070 Hunter v GEICO

**To :** tilton@thunterlaw.com

**Cc :** efile-north@laed.uscourts.gov, Kathleen Marksbury
<kmarksbury@barrylawco.com>, sbarry
<sbarry@barrylawco.com>

All,

As to the first question, a representative of the company must answer and verify the
Interrogatory response. That person may be in-house counsel, but not outside litigation counsel.

As to the other questions, you'll need to file a motion so that I can assess the sufficiency of the
answers and the scope of the deposition notice.

| | |
|---|---|
| From: | tilton@thunterlaw.com |
| To: | efile-north@laed.uscourts.gov |
| Cc: | sbarry <sbarry@barrylawco.com>, Kathleen Marksbury <kmarksbury@barrylawco.com> |
| Date: | 04/17/2018 11:42 AM |
| Subject: | Case# 2:17-cv-05070 Hunter v GEICO |

**EXHIBIT**
5

Dear Judge North:

It is my understanding that you prefer to communicate directly with the parties about
discovery disputes before a motion to compel is filed. In that regard, opposing counsel and I
have made numerous attempts to resolve our opposing opinions regarding my discovery
requests to them. We are at an impasse.

The disagreements includes:

1. Who (a corporate agent or its attorney) should answer and verify Interrogatories and
Request for Admissions posed to GEICO and the sufficiency of those responses;

2. The sufficiency of responses to Request for Production (including, production of GEICO's
claim file and log notes); and

3. Whether I am allowed to take GEICO's deposition and whether the matters designated in

the notice of taking the corporate deposition is overly broad.

Please advise how you propose we move this matter along.

Sincerely yours,
Tilton Hunter

---

**From :** tilton@thunterlaw.com                                Tue, Apr 17, 2018 11:41 AM
**Subject :** Case# 2:17-cv-05070 Hunter v GEICO
    **To :** efile-north@laed.uscourts.gov
    **Cc :** sbarry <sbarry@barrylawco.com>, Kathleen Marksbury
       <kmarksbury@barrylawco.com>

Dear Judge North:

It is my understanding that you prefer to communicate directly with the parties about discovery disputes before a motion to compel is filed. In that regard, opposing counsel and I have made numerous attempts to resolve our opposing opinions regarding my discovery requests to them. We are at an impasse.

The disagreements includes:

1. Who (a corporate agent or its attorney) should answer and verify Interrogatories and Request for Admissions posed to GEICO and the sufficiency of those responses;

2. The sufficiency of responses to Request for Production (including, production of GEICO's claim file and log notes); and

3. Whether I am allowed to take GEICO's deposition and whether the matters designated in the notice of taking the corporate deposition is overly broad.

Please advise how you propose we move this matter along.

Sincerely yours,
Tilton Hunter

---